UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

v.

        Case: 2:21-cr-20677
        Judge: Michelson, Laurie J.
        MJ: Stafford, Elizabeth A.
        Filed: 11-04-2021 At 01:52 PM
        INDI USA V ANDRE DARNELL LOUIS (SS)

D-1   ANDRE DARNELL LOUIS,

        Defendant.

_____/

## INDICTMENT

THE GRAND JURY CHARGES:

COUNT ONE
(21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute Controlled Substances)

D-1   ANDRE DARNELL LOUIS

On or about October 25, 2021, in the Eastern District of Michigan, Defendant ANDRE DARNELL LOUIS did knowingly, intentionally, and unlawfully possess with intent to distribute controlled substances, namely a quantity of a mixture or substance containing a detectable amount of

Methamphetamine (a Schedule II Controlled Substance), all in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO
(21 U.S.C. §§ 846 and 841(a)(1) – Controlled Substances Conspiracy)

D-1   ANDRE DARNELL LOUIS

In or about October 2021, ending on October 25, 2021, in the Eastern District of Michigan, Defendant ANDRE DARNELL LOUIS and others, both known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully conspire, confederate and agree to distribute and to possess with the intent to distribute controlled substances, namely a quantity of a mixture or substance containing a detectable amount of Methamphetamine (a Schedule II Controlled Substance), all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## COUNT THREE
(21 U.S.C. § 843(b) – Unlawful Use of Communication Facility)

D-1   ANDRE DARNELL LOUIS

In or about October 2021, ending on October 25, 2021, in the Eastern District of Michigan, Defendant ANDRE DARNELL LOUIS did knowingly and intentionally use a communication facility, namely a cellular telephone, to facilitate the

commission of the Controlled Substances felonies set forth in Count One of this Indictment (Possession With Intent to Distribute Controlled Substances/Methamphetamine) and in Count Two of this Indictment (Controlled Substances/Methamphetamine Conspiracy) (Methamphetamine being a Schedule II Controlled Substance), all in violation of Title 21, United States Code, Sections 843(b), 841(a)(1) and 846.

## CRIMINAL FORFEITURE ALLEGATIONS
(21 U.S.C. § 853(a))

Upon conviction of a controlled substance violation of Title 21, United States Code, Section 841 alleged in Count One and of Title 21, United States Code, Sections 841 and 846 alleged in Count Two of this Indictment, or upon conviction of a controlled substance violation of Title 21, United States Code, Section 841(a), the defendant shall forfeit to the United States, pursuant to 21 United States Code § 853(a): (1) any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations; and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

Substitute Assets: Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)-(2), the defendant shall forfeit substitute property, up to the value of the properties

identified for forfeiture, if, by any act or omission of the defendant, the properties identified for forfeiture cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2, Federal Rules of Criminal Procedure.

**THIS IS A TRUE BILL.**

s/ Grand Jury Foreperson
**GRAND JURY FOREPERSON**

SAIMA S. MOHSIN
Acting United States Attorney

/s/ Julie A. Beck
Chief, Drug Task Force

/s/ David J. Portelli
DAVID J. PORTELLI

Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
e-mail: dave.portelli@usdoj.gov

Dated: November 4, 2021

| United States District Court<br>Eastern District of Michigan | Criminal Case Cc | Case: 2:21-cr-20677<br>Judge: Michelson, Laurie J.<br>MJ: Stafford, Elizabeth A.<br>Filed: 11-04-2021 At 01:52 PM<br>INDI USA V ANDRE DARNELL LOUIS (SS) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to cc

## Companion Case Information

| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
|---|---|
| ☐ Yes ☒ No | AUSA's Initials: s/DP |

Case Title: USA v. ANDRE DARNELL LOUIS

County where offense occurred : Wayne

Check One: ☒ Felony  ☐ Misdemeanor  ☐ Petty

____Indictment/____Information --- **no** prior complaint.
_✓_Indictment/____Information --- based upon prior complaint [Case number: 21-MJ-30499 ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____  Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| ANDRE DARNELL LOUIS | 21 USC § 841(a)(1)<br>21 USC § 846<br>21 USC § 843(b)<br>21 USC § 853(a) | 21-MJ-30499 |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

November 4, 2021
Date

s/ David J. Portelli

David Portelli
Assistant United States Attorney
211 W. Fort St., Suite 2001, Detroit, MI 48226
Fax:  313-226-3265
E-Mail address: David.Portelli@usdoj.gov
Attorney Bar #: P40688

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.